[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12895
Non-Argument Calendar
_____

D.C. Docket Nos. 8:12-cv-02262-JSM-TGW; 8:02-cr-00143-JSM-TGW-1


STEVEN RAY BREWER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 17, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

In 2003, Steven Ray Brewer plead guilty pursuant to a plea agreement in each of two cases. In one case, Brewer pled guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, and money laundering, in violation of 18 U.S.C. § 1956(a)(1). In the other case, he plead guilty to conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371. The District Court sentenced Brewer to a total of 188 months' imprisonment and, without objection, to three consecutive three-year terms of supervised release. Brewer appealed his sentences in each case, but the appeals were dismissed pursuant to the appeal waiver contained in the plea agreements.[1]

Brewer, proceeding *pro se*, thereafter moved the District Court pursuant to 28 U.S.S. § 2255 to vacate his convictions and sentences in the two cases on several grounds, including the claim that his attorney rendered ineffective assistance of counsel in failing to object to the court's imposition of consecutive terms of supervised release. The court agreed with Brewer that consecutive terms of supervised release are prohibited, but concluded that his claim was barred

___

[1] Each plea agreement contained this sentence-appeal waiver:

> The defendant … expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or *asentence in violation of the law apart from the sentencing guidelines*.

(Emphasis added).

because he did not challenge the imposition of consecutive terms on direct appeal. The court denied Brewer's § 2255 motion and granted his application for a certificate of appealability on one issue: "whether [in his plea agreements] he waived his ineffective assistance of counsel claim for his counsel's failure to object at sentencing to the Court's ordering consecutive terms of supervised release."

In its brief on appeal, the Government correctly states that the District Court erred in concluding that the appeal-waiver provisions of Brewer's plea agreement foreclosed his ineffective assistance argument. Appellee's brief at 5. It also correctly states that 18 U.S.C. § 3624(e) unambiguously requires that terms of supervised release be imposed concurrently. *Id.* In short, defense counsel's failure to object constituted ineffective assistance which prejudiced Brewer. We accordingly vacate the District Court's judgments, and remand the cases with the instruction that the District Court amend the judgments to provide that the terms of supervised release run concurrently.

VACATED and REMANDED, with instruction.